J-S65039-17
J-S65040-17
J-S65041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GLENN H. MANUS, | : | |
| | : | |
| Appellant | : | No. 1413 1414, 1415 EDA 2017 |

Appeal from the PCRA Order March 10, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0000520-2008;
CP-23-CR-0000521-2008; CP-23-CR-0002534-2008

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED NOVEMBER 16, 2017**

Glenn H. Manus ("Manus"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In October 2008, Manus was convicted of various sexual offenses, at three different docket numbers, arising out of his sexual abuse of six minors. On April 3, 2009, the trial court sentenced Manus to an aggregate term of 18½ to 39 years in prison, plus 30 years of probation.  This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal.  **See Commonwealth v. Manus**, 11 A.3d 1007 (Pa. Super. 2011) (unpublished memorandum), **appeal denied**, 14 A.3d 825 (Pa. 2011).

Manus filed his first PCRA Petition in August 2011, which the PCRA court later dismissed. This Court affirmed, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Manus*, 75 A.3d 550 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 1259 (Pa. 2013).

Manus filed his second PCRA Petition in March 2015, which the PCRA court later dismissed as untimely. This Court affirmed. *See Commonwealth v. Manus*, 156 A.3d 336 (Pa. Super. 2016) (unpublished memorandum). Manus did not seek allowance of appeal with the Supreme Court of Pennsylvania.

On September 8, 2016, Manus filed the instant *pro se* PCRA Petition. Therein, Manus asserted that he was entitled to collateral relief because he had discovered new evidence, in the form of a document prepared by an officer of the Delaware County Office of Open Records ("OOR"), entitled "Attestation of

Nonexistence of Records" (hereinafter "the Attestation of Records"),[1] which supported Manus's claim that the Deputy District Attorney who prosecuted his case, Attorney Galantino, lacked authorization to pursue criminal charges on behalf of the Commonwealth without a designation of authority filed with the Delaware County Clerk of Courts. Manus further asserted that all of his prior trial and appellate counsel were ineffective for failing to previously investigate and present this issue to challenge the validity of the charges against Manus.

On February 17, 2017, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss Manus's Petition without an evidentiary hearing, stating that the court lacked jurisdiction to address it because it was time-barred. By an Order entered on March 10, 2017, the PCRA court dismissed Manus's Petition. Manus then timely filed three separate *pro se* Notices of Appeal, each pertaining to one of the three underlying trial court

---

[1] The Attestation of Records, which was completed by OOR Officer Anne Coogan, and attached to Manus's instant PCRA Petition, stated that, after inquiry, the OOR could not obtain the following record requested by Manus: "Official written designation of authority pursuant to [] 42 Pa.C.S. § 8931(i) from former Delaware County District Attorney G. Michael Green, Esq.[,] in the years of 2006, 2007 and 2008[,] giving Deputy District Attorney Michael R. Galantino, Esq. [("Attorney Galantino"),] authority to prosecute cases." Attestation of Records, dated 2/2/16, at 1 (unnumbered). Rule 8931, which governs criminal indictments and informations, defines a "district attorney," for purposes of that section, in relevant part, as follows: "an acting district attorney and any assistant district attorney whose authority to act for the district attorney under this section is evidenced by a written designation executed by the district attorney or acting district attorney and filed with the clerk of the courts." 42 Pa.C.S.A. § 8931(i).

- 3 -

docket numbers in this case.[2] Manus thereafter filed Concise Statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b),[3] in response to which the PCRA court issued an Opinion.

Manus now presents the following issues for our review:

I. Whether the PCRA court erred in [dismissing Manus's] third [PCRA] Petition as untimely filed when [Manus's] newly-discovered and/or after-discovered facts established that his claim fell within the timeliness exceptions set forth at 42 Pa.C.S.[A.] § 9545(b)(1)(i), [and] … (b)(1)(ii)[,] and [] 42 Pa.C.S.[A.] § 9545(b)(2)?

II. Whether the Commonwealth erred by perpetrating fraud upon the trial court[, by] invalidly signing criminal informations, resulting in charges for [Manus] being brought before the court?

III. Whether trial counsel, direct appeal counsel and collateral review counsel[] were ineffective for [their] failure to properly raise and preserve [Manus's] meritorious claim that the [lower] court's record was devoid of a requisite designation pursuant to 42 Pa.C.S.[A.] § 8931(i)?

Brief for Appellant at viii (issues renumbered; capitalization omitted).

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093

---

[2] We consolidated the appeals, *sua sponte*.

[3] The PCRA court did not order Manus to file concise statements.

- 4 -

(Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed.

*Id.*

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Manus concedes that his instant Petition is facially untimely, as it was filed over five years after May 2011, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (hereinafter "the timeliness exceptions").[4] Any petition invoking one of the timeliness exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

We will address Manus's first two issues together, as they are related. Manus argues that he met the requirements of the newly discovered facts exception, via the Attestation of Records, and that the charges that Attorney Galantino prosecuted against Manus were void because Attorney Galantino lacked authority to bring criminal charges. *See* Brief for Appellant at 1-7, 18-22. According to Manus, he could not have obtained and presented this

---

[4] Relevant to the instant appeal, the second timeliness exception, the "newly discovered facts" exception, provides relief for PCRA petitioners who can prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

information to the court earlier by the exercise of due diligence. ***See id.*** at 5

(asserting that "[s]ince the County of Delaware [OOR] has acknowledged that

the requisite designation[, *i.e.*, concerning Attorney Galantino,] does not exist

within the County's custody, control or possession, it would have been an

impossibility for [Manus] to obtain information within any record that the

County could not obtain on their own.").

The PCRA court addressed this claim in its Opinion as follows:

> To pass any of [the timeliness] exceptions, [Manus] must seek
> relief within sixty days of the date the claim could have been
> presented. 42 Pa.C.S.[A.] § 9545(b)(2). [Manus] filed his present
> Petition on September 8, 2016, so in order for any issue to be
> timely, he had to demonstrate that he could not have raised that
> issue until July 8, 2016, or later. The primary contention in
> [Manus's] PCRA [P]etition is that … [Attorney Galantino] was not
> authorized to act on behalf of the Commonwealth. [Manus] accuses
> the Commonwealth of perpetrating a fraud on the trial court and
> [Manus] "for unlawfully bringing charges before the trial court[,]"
> because [Attorney Galantino] did not have proper authorization to
> sign criminal informations. However, [Manus] never explained why
> he did not know[,] or [c]ould not have known[,] about the
> Commonwealth's [purported] failure to have proper authorization
> to sign criminal informations, until July 8, 2016. [Manus's] Exhibit
> A [attached to his instant PCRA Petition] – [*i.e.*, the] []Attestation
> of Records …[,] would have no bearing on his explanation as to why
> he could not demonstrate that he could not have raised that issue
> until July 8, 2016, or later.
>
> [Manus] asserts that "newly discovered" evidence[,] in the
> form of the []Attestation of Records[] …[,] was discovered by
> [Manus] on February 5, 2016[,] when he received it in the mail.
> This document does not meet the "newly discovered" [facts]
> exception because [Manus] has not shown why he could not have
> discovered this evidence earlier despite the exercise of due
> diligence. [***See***] ***Commonwealth v. Edmiston***, 65 A.3d 339, 346
> (Pa. 2013) … [(stating that the 60-day requirement of 42 Pa.C.S.A.

§ 9545(b)(2) requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence)]. [Additionally, in the Superior Court's Memorandum affirming the denial of Manus's second PCRA Petition, this Court stated that Manus] "failed to plead and prove why he could not have discovered and raised the alleged issue[, *i.e.*, regarding Attorney Galantino's authorization,] through the exercise of due diligence at the time of trial, during his direct appeal, or in his first PCRA petition." [**Manus**, 156 A.3d 336 (unpublished memorandum at 9); **see also** 42 Pa.C.S.A. § 9543(a)(3) (providing that a PCRA petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); **Commonwealth v. Spotz**, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA)]. …

* * *

Because these "timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). Here, [Manus] cannot prove an exception to the PCRA time-bar. Information related to [Attorney Galantino's] designation issues have been available for years, including when [Manus's] first PCRA [P]etition was being prepared. As these facts were easily discoverable and in the public record for longer than 60 days before [the instant PCRA P]etition was filed, the [P]etition is time-barred, and the [PCRA] court lacks jurisdiction to address the merits.

PCRA Court Opinion, 5/3/17, at 9-10 (footnotes omitted). The PCRA court's

analysis is sound and supported by the law and the record. Accordingly, we

affirm on this basis as to Manus's first two issues, and in concluding that Manus failed to establish any of the timeliness exceptions. *See id.*[5]

In his final issue, Manus contends that all of his previous trial and appellate counsel were ineffective for failing to raise the issue of Attorney Galantino's lack of authorization and the void nature of the criminal charges against Manus. *See* Brief for Appellant at 8-17.

This claim is not cognizable, as it was previously litigated, in connection with Manus's appeal of the Order denying his second PCRA Petition. *See Manus*, 156 A.3d 336 (unpublished memorandum at 2, 11); *see also* 42 Pa.C.S.A. § 9543(a)(3). We additionally observe that ineffective assistance of counsel claims do not invoke a valid exception to the PCRA's timeliness requirement. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Accordingly, we affirm the PCRA court's Order dismissing Manus's third PCRA Petition.

Order affirmed.

---

[5] To the extent that Manus baldly invoked the "governmental interference" timeliness exception, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), we determine that he has failed to meet the requirements of this exception.

J-S65039-17
J-S65040-17
J-S65041-17

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/16/2017*